### (October 18, 1979)

■ ERNEST JEREMIAS, Respondent, v SHEARSON HAYDEN STONE, INC., Appellant.—Order of the Appellate Term of the Supreme Court, First Department, entered on October 30, 1978, in New York County, which affirmed a judgment of the Civil Court, in favor of the plaintiff-respondent, entered July 6, 1977, in New York County, unanimously reversed, on the law, and the complaint dismissed, with costs and disbursements. Plaintiff, a very experienced securities trader, placed a sell order on May 2, 1975 for 3,000 shares with defendant brokerage house. At the time of the sale, plaintiff did not own the stocks in question nor did he inform the defendant of that fact. The order to sell was executed on May 2, 1975. When plaintiff could not make delivery on May 9, 1975, he was informed orally and by telegram that if delivery was not made by May 14, 1975, defendant would buy-in the shares in question holding plaintiff responsible for any loss incurred. When delivery was not made on May 14, 1975, defendant canceled the trade and purchased 3,000 shares for its "error account", without charging plaintiff commission on either the sale or purchase. Defendant was able to purchase these shares at a price lower than the selling price on May 2, 1975, resulting in a gain of over $8,000 which the plaintiff now claims belongs to him. We disagree. Plaintiff made an extra-legal sale of securities on May 2, 1975. The Board of Governors of the Federal Reserve System adopted its Regulation T. The provision of that regulation here applicable (12 CFR 220.4 [c]) specifies that "(1) In a special cash account, a creditor may effect for or with any customer bona fide cash transactions in securities in which the creditor may: * * * (ii) Sell any security for, or purchase any security from, any customer, provided the security is held in the account or the creditor is informed that the customer or his principal owns the security and the purchase or sale is in reliance upon an agreement accepted by the creditor in good faith that the security is to be promptly deposited in the account." Rule 15c3-3(m) of the Securities and Exchange Commission (17 CFR 240.15c3-3[m]) states: "If a broker or dealer executes a sell order of a customer (other than an order to execute a sale of securities which the seller does not own) and if for any reason whatever the broker or dealer has not obtained possession of the securities from the customer within 10 business days after the settlement date, the broker or dealer shall immediately close the transaction with the customer by purchasing securities of like kind and quantity". Plaintiff breached the contract between himself and the broker by failing to deliver those securities by the extended settlement date of May 14, 1975. The defendant without any delay purchased the securities in question, and rescinded the contract with plaintiff due to plaintiff's failure to comply with the agreement to make delivery. Fortuitously, plaintiff's actions resulted in a gain for defendant and they are entitled to retain same. Furthermore, since the plaintiff has breached the rules and regulations of the Securities and Exchange Commission, his status as a wrongdoer precludes us from giving him any affirmative relief in this forum. (Thompson McKinnon Securities, v Hornung, 69 AD2d 118.) Concur —Murphy, P. J., Sandler, Lane, Silverman and Ross, JJ.